104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Bart SCHWARTZ, Plaintiff-Appellant,
v.
NORDSTROM, INC., Defendant-Appellee.
 No. 96-7382.
 United States Court of Appeals, Second Circuit.
 Dec. 9, 1996.
 
 Appeal from the United States District Court for the Southern District of New York (Charles S. Haight, Judge).
 APPEARING FOR APPELLANT: Bart Schwartz, pro se, New York, N.Y.
 APPEARING FOR APPELLEE: Allen G. Reiter, Siller, Wilk & Mencher, New York, N.Y.
 S.D.N.Y.
 APPEAL DISMISSED.
 PRESENT: NEWMAN, Chief Judge. OAKES, and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellant pro se and by counsel for appellee.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is hereby DISMISSED.
 
 
 3
 Bart Schwartz appeals pro se from the February 27, 1996, order of the District Court denying his motion under Fed.R.Civ.P. 60 to collaterally attack a civil judgment entered November 25, 1994. His notice of appeal also endeavors to appeal from the judgment itself.
 
 
 4
 Since the notice of appeal is plainly untimely for purposes of appealing the judgment, the appeal is dismissed for lack of jurisdiction to the extent that it purports to appeal the judgment.
 
 
 5
 As to the denial of the Rule 60 motion, this motion, though it invoked subsections (b)(2), (b)(3), and (b)(6), was proper only a Rule 60(b)(2) motion, since it purports to present newly discovered evidence. As such, the motion, filed February 15, 1996, was beyond the applicable one-year limit. Moreover, even considered under Rule 60(b)(6), the motion was properly denied.
 
 
 6
 The appellee has asked for sanctions to be imposed for this frivolous appeal. Accordingly, it is hereby Ordered that Schwartz show cause in writing within 20 days why (a) sanctions in the amount of $3,000 should not be imposed for filing this appeal and, (b) in view of appellant's prior frivolous appeal, an order should not be entered prohibiting appellant from pursuing any appeal in this Court against Nordstrom, Inc. without first obtaining leave of this Court.